**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD GATSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br><br>　　　　　Defendant. | NO. CV 10-9531 SS<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

Plaintiff Edward Gatson ("Plaintiff") brings this action seeking to reverse and remand the decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying his application for Supplemental Security Income ("SSI") benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Agency is REVERSED and REMANDED for further proceedings.

## II.

## PROCEDURAL HISTORY

On June 30, 2008, Plaintiff filed an application for SSI benefits claiming that he became disabled on January 1, 2004. (Administrative Record ("AR") 148-52). The Commissioner denied his application on August 11, 2008. (AR 49-52). Plaintiff then requested a hearing, which was held before Administrative Law Judge ("ALJ") Alexander Weir III on August 5, 2009. (AR 22-46, 53-55). Plaintiff appeared with counsel and testified. (AR 24-25, 27-42). Sandra Snyder, a vocational expert, also testified at the hearing. (AR 42-45, 99).

On November 17, 2009, the ALJ issued a decision denying benefits. (AR 10-21). Plaintiff sought review before the Appeals Council on December 8, 2009, which ultimately denied his request on October 20, 2010. (AR 5-9). The Appeals Council then vacated that action to consider additional information and again denied review on December 17, 2010. (AR 1-4). Plaintiff filed the instant action on July 7, 2011.

## III.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 416.910.

1 result in death or to last for a continuous period of at least twelve
2 months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing
3 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant
4 incapable of performing the work he previously performed and incapable
5 of performing any other substantial gainful employment that exists in
6 the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir.
7 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. § 416.920.  The steps are:

(1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled. If not, proceed to step two.
(2) Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three.
(3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four.
(4) Is the claimant capable of performing his past work?  If so, the claimant is found not disabled.  If not, proceed to step five.
(5) Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. § 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. If, at step four, the claimant meets his burden of establishing an inability to perform his past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[2] age, education and work experience. Tackett, 180 F.3d at 1100; 20 C.F.R. § 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

\\
\\
\\
\\

---

[2] Residual functional capacity is "the most [one] can still do despite [his] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 416.945(a).

4

**IV.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

\\
\\
\\
\\
\\

**V.**

**DISCUSSION**

**The ALJ Failed To Properly Assess Plaintiff's Mental Health Impairment At Step Two Of The Evaluation Process**

Plaintiff argues that the ALJ erred in finding that his mental impairment is not severe. (Plaintiff's Memorandum at 4). Specifically, Plaintiff contends that the ALJ lacked "the support of substantial evidence" in assessing Plaintiff's condition to conclude that Plaintiff's mental impairment is not severe. (Id. at 8.) As there is significant evidence in the record of a severe mental impairment, the Court agrees that the ALJ failed to properly assess Plaintiff's mental impairment at step two.

By its own terms, the evaluation at step two is a de minimis test intended to weed out the most minor of impairments. See Bowen v. Yuckert, 482 U.S. 137, 153-154, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2005) (stating that the step two inquiry is a de minimis screening device to dispose of groundless claims) (quoting Smolen, 80 F.3d at 1290). An impairment is not severe only if the evidence establishes a slight abnormality that has only a minimal effect on an individual's ability to work. Smolen, 80 F.3d at 1290 (internal quotations and citations omitted).

\\
\\

The ALJ here applied more than a <u>de minimis</u> test when he determined that Plaintiff's mental impairment is not severe. Moreover, this error was not harmless because after the ALJ erroneously found the impairment non-severe, he failed to adequately address the remaining steps of the Secretary's regulations governing mental impairments, as described below.

Where there is evidence of a mental impairment that allegedly prevents the plaintiff from working, the Agency has supplemented the five-step sequential evaluation process with additional regulations.[3] <u>Keyser v. Comm'r Soc. Sec. Admin.</u>, __ F.3d __, 2011 WL 2138237 at *2-3 (9th Cir. Jun. 11, 2011); <u>Maier v. Comm'r of the Soc. Sec. Admin.</u>, 154 F.3d 913, 914-915 (9th Cir. 1998) (citing 20 C.F.R. § 416.920a) (per curiam). First, the ALJ must determine the presence or absence of certain medical findings relevant to the plaintiff's ability to work. 20 C.F.R. § 416.920a(b)(1). Second, when the plaintiff establishes these medical findings, the ALJ must rate the degree of functional loss resulting from the impairment by considering four areas of function: (a) activities of daily living; (b) social functioning; (c) concentration, persistence, or pace; and (d) episodes of decompensation. 20 C.F.R. § 416.920a(c)(2)-(4). Third, after rating the degree of loss, the ALJ must determine whether the claimant has a <u>severe</u> mental impairment. 20 C.F.R. § 416.920a(d)(emphasis added). Fourth, when a mental impairment is found to be severe, the ALJ must determine if it meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §

---

[3] These additional steps are intended to assist the ALJ in determining the severity of mental impairments at steps two and three. The mental RFC assessment used at steps four and five of the evaluation process, on the other hand, require a more detailed analysis. Social Security Ruling 98-8p, 1996 WL 374184 at * 4.

416.920a(d)(2). Finally, if a listing is not met, the ALJ must then assess the plaintiff's RFC, and the ALJ's decision "must incorporate the pertinent findings and conclusions" regarding the plaintiff's mental impairment, including "a specific finding as to the degree of limitation in each of the functional areas described in [§ 416.920a)c)(3)]." 20 C.F.R. § 416.920a(d)(3), (e)(2).

The regulations describe an impairment as follows:

> A physical or mental impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a plaintiff's] statements of symptoms.

20 C.F.R. § 416.908; see also Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005) (noting that the existence of a medically determinable physical or mental impairment may only be established with objective medical findings) (citing Social Security Ruling 96-4p, 1996 WL 374187 at *1-2).

Here, Plaintiff's mental impairment is sufficient to satisfy the de minimis test for severity. Plaintiff's mental health treatment records are extensive and date back to November 2008. (AR 18, 340-45). Plaintiff first visited the Downtown Mental Health Center on November 6, 2008, shortly after relocating from Texas. (AR 340). Plaintiff

cited an onset of depression after his mother passed in 2005 and complained of poor sleep, irritability, anger, and frustration. (Id.).

On March 4, 2009, a social worker at the Downtown Mental Health Center examined Plaintiff. (AR 19, 334). Plaintiff complained of "depression, poor sleep, [poor] 'appetite,' and auditory hallucinations at night." (AR 19, 334-35). The social worker also assessed Plaintiff's global assessment of functioning ("GAF") at 45. (AR 19, 334-335). A GAF of 45 is "consistent with serious symptoms or impairment in social and occupational functioning." (AR 19). Based on the Plaintiff's history, the interviewing social worker diagnosed him with "major depressive disorder with psychotic features." (AR 19, 339).

In April 2009, Dr. Juan Perez, a psychologist and case manager at the Downtown Mental Health Center, diagnosed Plaintiff with major depressive disorder with psychotic features. Dr. Perez also assessed Plaintiff's GAF at 45. (AR 19, 283-87). Dr. Perez additionally concluded that Plaintiff had "moderate limitations to understand and remember detailed instructions," (AR 285), and "had marked limitations in social interactions and to tolerate normal levels of stress." (AR 286). Thus, Dr. Perez's observations indicate that Plaintiff's mental impairment was severe. See 20 C.F.R. § 416.927(a)(2) ("Medical opinions . . . that reflect judgments about the nature and severity of [a plaintiff's] impairment(s), including symptoms, diagnosis and prognosis," are evidence that a plaintiff may submit in support of his disability claim).

On September 2, 2010, Dr. Wexler, a staff psychiatrist at the Department of Mental Health, also diagnosed Plaintiff with "major depressive disorder." (AR 486). His prognosis claimed Plaintiff "appears to have challenges in intellectual and adaptive functioning," and "would benefit from a psycho-social rehabilitation program." (Id.) Given the consistent evidence in the record of serious mental health treatment and diagnoses, the ALJ erred when he concluded that Plaintiff's mental impairment was not severe. See 20 C.F.R. § 416.920a(b)(1). Accordingly, the de minimis test of severity is satisfied.

The ALJ states that reports completed by Dr. Perez at the Downtown Mental Health Center are not entitled to significant weight. (AR 20). However, the ALJ fails to provide any evidence regarding his decision to minimize the weight of Dr. Perez's findings besides noting, "[t]hese assessments were completed by a case manager who apparently never saw the claimant." (Id.). Instead, even if Dr. Perez did not directly examine Plaintiff, his opinions stem directly from a report created by an interviewing source. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (stating that reports of a nonexamining advisor "need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."). Alternatively, even if the ALJ disregarded Dr. Perez's opinions, Dr. Wexler's first-hand examination and subsequent diagnosis of Plaintiff provide substantial evidence indicating that Plaintiff's medically determinable mental impairment is severe. (AR 484-86).

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Because the ALJ improperly evaluated the severity of Plaintiff's mental impairment, the case must be remanded to remedy this defect. See Keyser, 2011 WL 2138237 at *4 ("[W]here a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF and append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand."). Upon remand the ALJ must conduct the supplemental evaluation of the mental impairment evidence, as required by the Secretary's regulations, and incorporate his findings into any future decision.

## VI.
## CONCLUSION

Consistent with the foregoing, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: August 30, 2011

_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

11

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**